IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br><br>GABRIEL SETH JOSEPH,<br><br>                 Defendant. | **ORDER DENYING EMERGENCY MOTION FOR EXTENSION OF TIME TO SELF-SURRENDER**<br><br>Case No. 2:15-cr-103-JNP-BCW<br><br>District Judge Jill N. Parrish |

      Before the court is an "Emergency Motion for Extension of Time to Self-Surrender." (Docket 189). Counsel for Mr. Joseph requests an extension of time for Mr. Joseph to self-surrender, contending that the extension is warranted due to an "emergency" situation. The request for that extension is DENIED.

      Mr. Joseph was convicted of serious crimes in November of 2015. Counsel for Mr. Joseph requested multiple continuances of the sentencing date in order to conduct further discovery and prepare legal arguments. At Mr. Joseph's request, the court held extensive hearings and briefing on sentencing issues. Counsel for Mr. Joseph repeatedly informed the court during those hearings that he intended to appeal. Due to the continuances, briefing, and hearings requested by Mr. Joseph, his sentencing did not occur until May 27, 2016. After the court imposed sentence, Mr. Joseph requested, and the court granted, a lengthy time for Mr. Joseph to prepare his affairs before he was to self-surrender on July 11, 2016.

Mr. Joseph filed this "Emergency Motion for Extension of Time to Self-Surrender" at 11:54 P.M. just one business day before his self-surrender date. Counsel for Mr. Joseph advances two arguments for why there is an "emergency" that justifies bringing "this motion so close in time to Mr. Joseph's self-surrender date." First, he argues that there was a delay in obtaining transcripts of the May 20 and May 27 sentencing hearings. Second, he states that he has "also devoted significant time to other matters related to Mr. Joseph's case, including filings related to Mr. Joseph's appeal." Neither of these arguments, however, explains the reason for the emergency or justifies an extension of the self-surrender date.

With respect to the delay in obtaining the transcripts, counsel admits that it was caused because his office "misplaced" the payment owed to the court reporter. Because he had not paid his bill to the court reporter, counsel was unable to receive transcripts he wanted to review. Counsel asserts that this problem has now been corrected and that he anticipates receiving the transcripts shortly. But counsel may not use this self-created "emergency" in order to justify his request for extension of time. Counsel offers no explanation for why it took so long to realize why the transcripts had not been received. More importantly, counsel has not explained why those transcripts were necessary to the preparation of his Motion for Release. Indeed, counsel was able to prepare and file the Motion for Release without referencing the transcripts that allegedly caused the delay. And both of the hearings for which counsel requested transcripts were sentencing hearings where current counsel for Mr. Joseph was present and was aware of the arguments made and the rulings entered. In short, neither counsel's failure to pay its bills nor the fact that counsel lacks the transcripts justifies his tardy motion.

Similarly, counsel's other work on Mr. Joseph's case does not justify an emergency extension. Counsel has known for months that Mr. Joseph intended to appeal. Presumably,

counsel has also known since the sentencing that he intended to file a Motion for Release Pending Appeal. Yet the motion was filed at 11:54 P.M. just one business day before the self-surrender date. Counsel may not now justify an extension of that self-surrender date based on a so-called "emergency" created by counsel's own delay.

The "Emergency Motion for Extension of Time to Self-Surrender" is DENIED. (Docket 189). Mr. Joseph is to self-surrender on July 11, 2016, as previously ordered. The court will rule on the "Motion for Release Pending Appeal" once it is fully briefed in accordance with the usual briefing schedule set by the court's local rules.

Signed July 8, 2016.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge