IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        PLAINTIFF;<br>v.<br><br>GABRIEL SETH JOSEPH,<br><br>        DEFENDANT. | **ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**<br><br>Case No. 2:15-cR-00103-JNP<br><br>District Judge Jill N. Parrish |

Before the court is "Gabriel Seth Joseph's Motion for Release Pending Appeal" ("the Motion"). (Docket 188). After considering the parties' briefing as well as the relevant law, the court issues this order denying the Motion.

## BACKGROUND

In November of 2015, Mr. Joseph was convicted of serious crimes including wire fraud, money laundering, making false statements to a bank, and willful failure to file a tax return. At Mr. Joseph's request, the court held extensive hearings and briefing on sentencing issues. Due to continuances, briefing, and hearings requested by Mr. Joseph, his sentencing did not occur until May 27, 2016. After fully considering the parties' arguments with regard to sentencing, the court calculated that the guideline range from the United States Sentencing Commission Guidelines Manual was 78 to 97 months. That guideline calculation was based in part on an 18-point enhancement due to the amount of loss from Mr. Joseph's crimes and a 2-point enhancement because Mr. Joseph received gross receipts exceeding $1,000,000. Mr. Joseph was sentenced to a term of imprisonment of 78 months.

Mr. Joseph filed a notice of appeal on June 29, 2016. He now brings this Motion contending that the arguments he made during the sentencing phase raise "substantial questions of law" such that Mr. Joseph is entitled to be released during the pendency of his appeal.

## ANALYSIS

18 U.S.C. section 3143(b) provides that a "judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

The United States does not argue that Mr. Joseph is likely to flee or pose a danger to the safety of any person or the community if released. But the parties dispute whether Mr. Joseph's appeal raises substantial questions of law and whether the appeal is for the purpose of delay. Mr. Joseph asserts that his appeal raises substantial questions of law regarding two issues: 1) the 18-point loss enhancement, and 2) the 2-point gross receipt enhancement. The court holds that Mr. Joseph's appeal does not raise substantial questions of law. Accordingly, it need not determine whether the appeal is for the purpose of delay.

**I.      The 18-point loss enhancement does not raise a substantial question of law.**

Mr. Joseph's first argument is that the court's application of the 18-point loss enhancement raises a substantial question on appeal. Before sentencing, counsel for Mr. Joseph

requested multiple continuances to prepare his arguments with regard to loss. The issue was extensively briefed and multiple hearings were held. During Mr. Joseph's sentencing, the court found that, for purposes of the guideline calculation, the actual loss was $4,190,725. This amount of loss resulted in an 18-point enhancement.

The Sentencing Guidelines increase Mr. Joseph's base offense level for fraud according to the amount of loss. In calculating the amount of loss, the court is to use the greater of the intended or actual loss. The United States did not demonstrate that there was any intended loss. Accordingly, the court's analysis was confined to actual loss. The guidelines define actual loss as the "reasonably foreseeable pecuniary harm that resulted from the offense." USSG § 2B1.1 cmt. n. 3. Pecuniary harm is "harm that is monetary or that is otherwise readily measurable in money." *Id.* And "reasonably foreseeable harm means pecuniary harm that the defendant knew, or under the circumstances, should have known, was a potential result of the offense." *Id.*

In calculating the amount of loss, the court relied on the Tenth Circuit's general formula for calculating loss in mortgage fraud cases. Under that formula, the amount of loss is "the unpaid portion of the loan as offset by the value of the collateral." *United States v. Howard*, 784 F.3d 745, 748 (10th Cir. 2015) (quoting *United States v. Crowe*, 735 F.3d 1229, 1241 (10th Cir. 2013)). And "so long as it is foreseeable that the loans will be sold or repackaged, both the original lenders and downstream lenders are foreseeable victims of the fraud, and the general formula applies." *Id.* (quoting *United States v. Smith*, 705 F.3d 1268, 1276 (10th Cir. 2013)).

Mr. Joseph argues that the there is a substantial question about whether the general formula for loss calculation should apply in this case. Specifically, he contends that it was not reasonably foreseeable that Washington Mutual's assets, including Mr. Joseph's fraudulently-obtained mortgage, would be sold to JP Morgan Chase due to Washington Mutual's

collapse. Thus he argues that there is a substantial question about whether the general formula applies.

Mr. Joseph's arguments fail for two reasons. First, the court already found that it was foreseeable that Mr. Joseph's loan would "be sold or repackaged." And under those circumstances, the law is clear that the general formula applies. Second, even were the general formula not to apply due to Washington Mutual's collapse, there would be no reasonable way to calculate the loss and the guideline range would be based on Mr. Joseph's gain. This alternative would still result in an 18-point enhancement.

As stated above, the general formula applies so long as it was foreseeable that the loan would "be sold or repackaged." *Id.* Nothing in the Tenth Circuit's precedent require that the mechanism of sale or the type of sale be foreseeable for the general loss calculation formula to apply. In other words, it is immaterial if the loan is repackaged in an unexpected way so long as the fact that it would be repackaged and sold was foreseeable. Based on the evidence presented at trial and the subsequent evidentiary hearings, the court found that it was foreseeable that Mr. Joseph's loan would be sold and repackaged. And that is precisely what occurred in this case. Mr. Joseph's loan was repackaged and sold to JP Morgan Chase after the FDIC took over Washington Mutual's operations.

Additionally, the application of the general formula to Mr. Joseph's case leads to a loss calculation that is consistent with the nature of his fraud. Mr. Joseph, through his LLC, purchased a property for about $3,400,000. Five days later, he sold the property to himself for $7,000,000. This was done in order to artificially inflate the appraisal and to fraudulently obtain loan proceeds based on the artificially-inflated price. Thus, this part of Mr. Joseph's fraud resulted in artificially increasing the apparent value of the property by $3,600,000. Given those

facts, all of which were known to Mr. Joseph at the time, it is clearly reasonably foreseeable that a loss of just over $4,000,000 was a "potential result of the offense." USSG § 2B1.1 cmt. n. 3(A)(iv).

Finally, even if the court accepted Mr. Joseph's argument that the actual loss was not reasonably calculable due to the FDIC takeover of Washington Mutual, the 18-point enhancement would still apply. If the actual loss were not reasonably calculable, the gain to Mr. Joseph from his fraud would be the appropriate alternative measure of loss. USSG § 2B1.1(3)(B). The court already found that Mr. Joseph's gain exceeded $3,500,000. Thus under USSG section 2 B1.1(b)(1)(J), this amount of gain would result in the same 18-point enhancement.

Given the Tenth Circuit's clear law on this point, Mr. Joseph's appeal does not raise "a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. §3143(b). Accordingly, he is not entitled to be released pending appeal on that ground.

**II.     The 2-point gross receipts enhancement does not raise a substantial question of law.**

Mr. Joseph's next argument is that the court's 2-point gross receipts enhancement raises a substantial question on appeal. The sentencing guidelines call for a 2-point enhancement "if the gross receipts to the defendant individually exceeded $1,000,000." U.S.S.G. § 2B1.1 n.12(a). The gross receipts enhancement was applied based on a factual finding of the court that over $1,000,000 of fraudulent proceeds were deposited into Mr. Joseph's personal accounts. There was ample evidence presented at trial and during the subsequent evidentiary hearing to support

this finding. Accordingly, the 2-point gross receipts enhancement does not raise a substantial question of law or fact on appeal.

Moreover, even if the 2-point gross receipts enhancement were not applied, the resulting reduced guideline-range term of imprisonment would not be less than the total of the time already served plus the expected duration of the appeal process. The two-point reduction would put Mr. Joseph's offense level at a 26. At a level 26, the minimum sentencing recommendation is 63 months. A reduced sentence of 63 months would not be less than Mr. Joseph's time already served plus the expected duration of the appeals process. Accordingly, pursuant to 18 U.S.C. section 3143(b), Mr. Joseph would still be ineligible for release pending appeal.

## CONCLUSION

In conclusion, the court denies Mr. Joseph's Motion for Release Pending Appeal because his appeal fails to raise "a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b).

Signed August 22, 2016.

BY THE COURT

_____

Jill N. Parrish

United States District Court Judge